[886 NE2d 135, 856 NYS2d 513]

PANASIA ESTATES, INC., Respondent, v HUDSON INSURANCE COMPANY, Appellant.

Argued January 9, 2008; decided February 19, 2008

## POINTS OF COUNSEL

*White Fleischner & Fino, LLP,* New York City (*Janet P. Ford* and *Nancy Davis Lyness* of counsel), for appellant. I. Consequential/extracontractual damages based upon an insurer's alleged bad faith breach of its contractual obligations under a policy of insurance are not recoverable by an insured. (*Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Brody Truck Rental v Country Wide Ins. Co.,* 277 AD2d 125; *High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465; *Sweazey v Merchants Mut. Ins. Co.,* 169 AD2d 43; *Martin v Metropolitan Prop. & Cas. Ins. Co.,* 238 AD2d 389; *Acquista v New York Life Ins. Co.,* 285 AD2d 73; *Polidoro v Chubb Corp.,* 354 F Supp 2d 349; *USAlliance Fed. Credit Union v CUMIS Ins. Socy., Inc.,* 346 F Supp 2d 468.) II. *Acquista v New York Life Ins. Co.* (285 AD2d 73 [2001]) is critically distinguishable from the instant matter in that the Hudson Insurance Company policy contains an explicit exclusion for consequential losses. (*J.R. Adirondack Enters. v Hartford Cas. Ins. Co.,* 292 AD2d 771; *Crawford Furniture Mfg. Corp. v Pennsylvania Lumbermens Mut. Ins. Co.,* 244 AD2d 881; *Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 66 NY2d 1020; *Adorable Coat Co. v Connecticut Indem. Co.,* 157 AD2d 366; *Pergament Distribs. v Old Republic Ins. Co.,* 128 AD2d 760, 70 NY2d 607; *CBS, Inc. v Continental Cas. Co.,* 753 F Supp 525; *Harris v Provident Life & Acc. Ins. Co.,* 310 F3d 73; *Kenford Co. v County of Erie,* 73 NY2d 312; *Martin v Metropolitan Prop. & Cas. Ins. Co.,* 238 AD2d 389.) III. The First Department erroneously concluded that the terms "consequential damages" and "consequential losses" are not synonymous. (*J.R. Adirondack Enters. v Hartford Cas. Ins. Co.,* 292 AD2d 771; *Crawford Furniture Mfg. Corp. v Pennsylvania Lumbermens Mut. Ins. Co.,* 244 AD2d 881; *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.,* 37 AD3d 1184.)

*Peckar & Abramson, P.C.,* New York City (*Michael S. Zicherman* of counsel), for respondent. I. Panasia Estates, Inc. is entitled to assert a claim for consequential damages against Hudson Insurance Company arising out of Hudson's breach of the insurance contract. (*Hold Bros., Inc. v Hartford Cas. Ins.*

Co., 357 F Supp 2d 651; *Lava Trading Inc. v Hartford Fire Ins. Co.*, 326 F Supp 2d 434; *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144; *Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603; *Acquista v New York Life Ins. Co.*, 285 AD2d 73; *Koloski v Metropolitan Life Ins. Co.*, 5 Misc 3d 1028[A], 2004 NY Slip Op 51596[U]; *Weisel v Provident Life & Cas. Ins. Co.*, 11 Misc 3d 1062[A], 2006 NY Slip Op 50360[U]; *Fleming v Allstate Ins. Co.*, 106 AD2d 426, 66 NY2d 838, 475 US 1096; *Korona v State Wide Ins. Co.*, 122 AD2d 120.) II. Public policy considerations favor an insured's right to claim consequential damages. (*Hold Bros., Inc. v Hartford Cas. Ins. Co.*, 357 F Supp 2d 651.) III. The insurance policy issued to Panasia Estates, Inc. does not exclude consequential damages that arise from Hudson Insurance Company's breach of contract. (*Hold Bros., Inc. v Hartford Cas. Ins. Co.*, 357 F Supp 2d 651; *Lava Trading Inc. v Hartford Fire Ins. Co.*, 326 F Supp 2d 434.)

**OPINION OF THE COURT**

Pigott, J.

Panasia Estates is the owner of commercial rental property located at 33 West 19th Street in Manhattan. Panasia had a commercial property insurance policy with Hudson Insurance Company, which included "Builders' Risk Coverage," covering damage to its property while undergoing renovation. During the policy period, the roof of its building was opened in order to perform construction work. Inclement weather caused rain to enter the building through the roof opening, resulting in extensive damage to the property.*

Shortly after the occurrence, Panasia claimed it promptly notified Hudson of the loss. According to Panasia, however, Hudson failed to investigate or adjust the claim until several weeks later. Hudson then denied the claim three months after that, stating that Panasia's loss was the result of repeated water infiltration over time and wear and tear rather than from a risk covered under the builders risk policy provision.

Panasia commenced this action against Hudson, alleging that it breached the insurance contract by failing to properly investigate the loss and denying the loss as not covered under the policy. Panasia sought both direct and consequential damages that it claimed stemmed from Hudson's breach.

---

\* As this is an appeal from a summary judgment motion, we view the facts in the light most favorable to Panasia, the nonmoving party.

Hudson moved for partial summary judgment "dismissing all of [Panasia's] bad faith allegations and all prayers for consequential, extra-contractual, or incidental damages or attorneys [*sic*] fees." Hudson argued, among other things, that a contractual exclusion for "[a]ny other consequential loss" precluded Panasia's request for consequential damages.

As pertinent here, Supreme Court denied that part of Hudson's motion to dismiss Panasia's claims for consequential damages. The Appellate Division affirmed, stating that "[a]n insured may recover foreseeable damages, beyond the limits of its policy, for breach of a duty to investigate, bargain for and settle claims in good faith" (39 AD3d 343 [2007], citing *Acquista v New York Life Ins. Co.*, 285 AD2d 73 [1st Dept 2001]). In addition, the court concluded that Hudson failed to show that the contractual exclusion for " 'consequential loss' " applied to Panasia's claim, rejecting Hudson's argument that "consequential loss" and "consequential damages" were synonymous (*id.*).

The Appellate Division granted Hudson leave to appeal to this Court, certifying the question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?" We conclude that it was.

The courts below properly rejected Hudson's contention that it was entitled to judgment as a matter of law because consequential damages are not recoverable in a claim for breach of an insurance contract. As we explained in *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187 [2008] [decided today]), consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were " 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting' " (at 192, quoting *Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]). Here, the courts below failed to consider whether the specific damages sought by Panasia were foreseeable damages as the result of Hudson's breach. Because the record before us is not fully developed on that issue, such claim must be considered by Supreme Court.

Lastly, as the Appellate Division correctly concluded, the contractual exclusion for consequential loss does not bar the recovery of consequential damages (*see Bi-Economy* at 196).

Accordingly, the order of the Appellate Division should be affirmed, with costs, and certified question answered in the affirmative.

SMITH, J. (dissenting [For the dissenting opinion of Judge Smith, see *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.* (10 NY3d 187, 196 [2008]).]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO and JONES concur with Judge PIGOTT; Judge SMITH dissents in a separate opinion in which Judge READ concurs.

Order affirmed, etc.