■ PANASIA ESTATES, INC., Appellant-Respondent, v HUDSON INSURANCE COMPANY et al., Respondents-Appellants. [889 NYS2d 452]—

Plaintiff is correct in arguing that the motion court erred by stating that consequential damages do not lie for breach of an insurance contract absent bad faith, since the determinative issue is whether such damages were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192 [2008] [internal quotation marks and citation omitted]; *see Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008]). However, the motion to amend the complaint should not have been granted since the breach of contract claim that plaintiff sought to add was duplicative of its existing claim for breach of the implied covenant of good faith (*see Canstar v Jones Constr. Co.*, 212 AD2d 452, 453 [1995]). Furthermore, contrary to defendants' contention, plaintiff's claim for consequential damages in its cause of action for breach of the implied covenant of good faith was not insufficiently pled. The reference to such damages as "special" in *Bi-Economy Mkt.* (10 NY3d at 192) was not intended to establish a requirement of specificity in pleading. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.