■ CASTOR PETROLEUM, LTD., Appellant, v PETROTERMINAL DE PANAMA, S.A., Respondent. [933 NYS2d 662]—

The court's preclusion order was an improvident exercise of discretion (*see* CPLR 3126; *Gradaille v City of New York*, 52 AD3d 279 [2008]). There was no basis for finding that any noncompliance with the preliminary conference order was willful, contumacious, or in bad faith, as would justify precluding plaintiff from presenting evidence in support of its damages claim (*see Sidelev v Tsal-Tsalko*, 52 AD3d 398 [2008]).

Plaintiff was not required to move to amend its interrogatory responses pursuant to CPLR 3101 (h), where, although the original response was correct and complete when made, defendant's numerous requests for more detailed calculation of the damages rendered the response incomplete. The statute does not provide for motion practice, except where a party obtains information on the eve of trial, which did not apply here, since no date had been set for trial (*see Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc.*, 73 AD3d 629, 630 [2010]), no depositions had been taken, and the note of issue had not been filed.

Plaintiff was also not required to move to amend its complaint, since its revised damages analysis alleged neither a new cause of action, nor any new factual basis for recovery. Instead, the analysis merely included plaintiff's calculation of its lost profits, and the complaint contained sufficient allegations regarding plaintiff's lost profits resulting from the business interruption. Additionally, since the ad damnum clause did not contain a specific amount, but rather sought damages "in excess of $15 million" (*cf. Reid v Weir-Metro Ambulance Serv.*, 191 AD2d 309, 310 [1993]), no amendment was required.

Plaintiff was nonetheless entitled to amend its complaint

(CPLR 3025 [b]), since the proposed amendment is not palpably insufficient or clearly devoid of merit (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499-500 [2010]), and defendant cannot legitimately claim surprise or prejudice. The proposed amendment was premised upon the same facts, transactions or occurrences alleged in the complaint (*see Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15 [2008]). Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.