Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about March 30, 2012, which, to the extent appealed from, denied, in part, defendant Chubb Indemnity Insurance Company’s motion for summary judgment dismissing the complaint, granted, in part, plaintiffs cross motion for summary judgment, and declared that Chubb is required, pursuant to the terms of a 1993-1994 insurance policy, to indemnify plaintiff National Casualty Company for its losses sustained in an underlying lead paint action, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 1, 2011, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff’s motion as sought to preclude Chubb from presenting any evidence at trial, unanimously reversed, on the law, without costs and the motion denied.
The motion court correctly held Chubb’s disclaimer to be untimely (First Fin. Ins. Co. v Jeteo Contr. Corp., 1 NY3d 64, 66 [2003]; George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 106 [1st Dept 2012]). The record indicates that Chubb had all the information it needed to deny coverage based on late notice shortly after it received the claim. Chubb has presented no satisfactory explanation for the 43-day delay from the receipt of the claim to the issuance of the letter declining coverage (id.).
The motion court’s preclusion order was an improvident exercise of its discretion (Castor Petroleum, Ltd. v Petroterminal de Panama, S.A., 90 AD3d 424, 424 [1st Dept 2011]). The court *554 failed to address the merits of the motion, and there was no finding of willful, contumacious, or bad faith conduct on Chubb’s part (see Armstrong v B.R. Fries & Assoc., Inc., 95 AD3d 697, 698 [1st Dept 2012]). In any event, the record reveals no basis for sanctioning defendant. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.
Motion seeking stay denied.