Lynch, J. (concurring in part and dissenting in part). We concur in the majority statement, except insofar as the majority has determined that damages for emotional distress are not recoverable on plaintiff’s breach of contract claim. The majority correctly states the governing rule for consequential loss as defined by the Court of Appeals in Panasia Estates, Inc. v Hudson Ins. Co. (10 NY3d 200 [2008]) and Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y. (10 NY3d 187 [2008]). Those cases involved claims for consequential damages for breach of a commercial property insurance policy and in the context of business interruption insurance coverage (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d at 202-203; Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 190-191). Neither case addressed damages for emotional distress, but confirmed that consequential damages are recoverable for a breach of the covenant of good faith and fair dealing “so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting” (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d at 203 [internal quotation marks and citations omitted]). Given the nature and purpose of no-fault coverage, it is our view that the insured bargains for not only the monetary benefits, but also the intangible peace of mind that prompt payment will be made for medical expenses and lost wages emanating from injuries sustained in an automobile accident (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 193-194). Certainly, such a benefit is within the contemplation of the parties as an integral component of the contract (see Connolly v Peerless Ins. Co., 873 F Supp 2d 493, 506-507 [ED NY 2012]; Chernish v Massachusetts Mut. Life Ins. Co., 2009 WL 385418, *4, 2009 US Dist LEXIS 9617, *16-19 [ND NY, Feb. 10, 2009, No. 5:08-CV-0957 (GHL)]; Acquista v New York Life Ins. Co., 285 AD2d 73, 78-82 [2001]). For this reason, it is our view that plaintiff is entitled to seek damages for emotional distress on her breach of contract claim. Egan Jr., J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant’s motion to dismiss the General Business Law § 349 cause of action; motion denied to said extent; and, as so modified, affirmed.