Marquez v 171 Tenants Corp. (2018 NY Slip Op 03768)





Marquez v 171 Tenants Corp.


2018 NY Slip Op 03768


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


106616/11 6685N 590264/14 6684

[*1] Raul Marquez, Plaintiff,
v
171 Tenants Corp., Defendant-Appellant, David Kleinberg-Levin, Defendant, Kenneth Cook, Defendant-Respondent. [And a Second Third-Party Action]
171 Tenants Corp., Third Third-Party Plaintiff-Appellant,
v
Cynthia Cook, Third Third-Party Defendant-Respondent.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Leahey & Johnson, P.C., New York (Peter J. Johnson, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered July 8, 2015, which, inter alia, granted third third-party defendant Cynthia Cook's motion to compel discovery to the extent of directing defendant-third third-party plaintiff, 171 Tenants Corp. (171 Tenants) to provide certain documents and that its failure to do so precludes it from proving that it did not approve of or supervise the renovations performed on the 14th floor of the building where plaintiff was injured, unanimously modified, on the law, the preclusion order vacated, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about September 11, 2017, which denied 171 Tenants' motion to vacate its default in opposing the motion of defendant/second third-party plaintiff Kenneth Cook for a default judgment as against second third-party defendants Philip J. Farley and Museum Quality Properties, LLC (MQ), and denied 171 Tenants' motion to renew with respect to the prior order imposing discovery sanctions on it, unanimously affirmed insofar as it denied the motion to vacate 171 Tenants' default, and the appeal therefrom unanimously dismissed, as academic, insofar as it denied renewal, all without costs.
A preclusion order requires a determination that the party engaged in willful, contumacious or bad faith conduct (see National Cas. Co. v American Home Assur. Co., 102 AD3d 553, 553-554 [1st Dept 2013]; Castor Petroleum, Ltd. v Petroterminal de Panama, S.A., 90 AD3d 424 [1st Dept 2011]). Here, the court's July 8, 2015 order properly directed 171 Tenants to fulfill its discovery obligations concerning the written protocols and documents provided to second third-party defendants MQ and Farley via the testimony of its president or an affidavit detailing the search efforts for responsive documents. However, the court [*2]improvidently exercised its discretion when it resolved the issue of whether 171 Tenants approved and supervised the renovations as a sanction for the failure to produce those documents. The president of 171 Tenants testified to his search efforts, and there was no evidence that the search was deficient or that he refused to answer questions concerning the existence or location of responsive documents. There was also no evidence that 171 Tenants' failure to provide the requested documents was willful, contumacious, or in bad faith.
A party seeking to vacate a default must demonstrate both a reasonable excuse and a meritorious defense. A determination of the sufficiency of the proffered excuse and the statement of merits rests within the sound discretion of the court (see Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). The court properly declined to vacate 171 Tenants' default in opposing Kenneth Cook's motion for a default judgment against MQ and Farley, which 171 Tenants improperly characterized as a motion to reargue. 171 Tenants did not provide a reasonable excuse for failing to oppose Kenneth Cook's motion. It also failed to demonstrate a meritorious claim, in that it produced no evidence of negligence or other misconduct on the part of the movant seeking a default against plaintiff's employer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK