D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa. (2019 NY Slip Op 00347)





D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.


2019 NY Slip Op 00347


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8018 650733/17

[*1]D.K. Property, Inc., Plaintiff-Appellant,
v
National Union Fire Insurance Company of Pittsburgh, Pa., Defendant-Respondent.


Hoguet Newman Regal & Kenney, LLP, New York (Andrew N. Bourne of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Costantino P. Suriano of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered March 3, 2018, which, to the extent appealed from, granted defendant's motion pursuant to CPLR 3211 to dismiss the demand for consequential damages (other than attorneys' fees), unanimously reversed, on the law, with costs, the motion denied, and the claims reinstated.
This action involves an insurance coverage dispute under a commercial insurance policy issued by defendant to plaintiff. Supreme Court dismissed the claims for consequential damages, but otherwise allowed the general breach of contract claim (1st cause of action) and the collateral contract claim for breach of the implied covenant of good faith and fair dealing (second cause of action) to proceed. At issue is whether, at the pleading stage, a claim for consequential damages arising from defendant's processing of plaintiff's insurance claim requires a detailed, factual description or explanation for why such damages, which do not directly flow from the breach, are also recoverable. We find that the motion court erred in dismissing the consequential damages claim, because plaintiff fulfilled its pleading requirement by specifying the types of consequential damages claimed and alleging that such damages were reasonably contemplated by the parties prior to contracting.
The policy that plaintiff purchased from defendant covers
"direct physical loss or damage to" plaintiff's building, located at 40 Prince Street in Manhattan. After certain construction work began in an adjoining building, plaintiff's building began to shift and exhibit structural damage, including cracks. In October 2014, plaintiff filed a timely insurance claim with defendant. Defendant, however, did not pay the claim, nor did it disclaim coverage.
Two causes of action are asserted in the amended complaint; the first cause of action is for breach of contract for failure to pay covered losses under the policy; the second cause of action is for breach of the implied covenant of good faith and fair dealing. Plaintiff seeks consequential damages in connection with each cause of action and legal fees solely in connection with its second (bad faith) cause of action. Supreme Court granted defendant's pre-answer motion to dismiss the amended complaint only to the extent of dismissing the claims for consequential damages, excepting the demand for legal fees.
It is well settled law that on a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction, facts as alleged in the complaint are accepted as true, plaintiffs are afforded the benefit of every possible favorable inference, and the motion court must only determine whether the facts as alleged fit within any cognizable legal theory (see e.g. Leon v Martinez, 84 NY2d 83, 87—88 [1994]).
The complaint alleges that rather than pay the claim, defendant has made unreasonable and increasingly burdensome information demands throughout the three year period since the [*2]property damage occurred. Plaintiff contends that this was a tactic by defendant to make the claim so expensive to pursue that plaintiff would abandon it altogether. Plaintiff contends defendant's investigatory process has taken so long and become so attenuated that the structural damage to the building has worsened. Among the consequential damages alleged are engineering costs, painting, repairs, monitoring equipment, and moisture abatement to address water intrusion, loss of rents, and other expenses attributable to mitigating further damage to the property. Despite substantial documentation of the cause and extent of the damage to plaintiff's building, not only by plaintiff's engineer, but also an engineer that defendant hired, who inspected the building several times, defendant has persisted in demanding further, unnecessary monitoring, data collection, inspections, and reinspections. Although it has yet to pay the loss or deny the claim, defendant nonetheless sought to intervene as plaintiff's subrogor under the policy when plaintiff sued the owner of the adjoining property. By doing so, defendant forced plaintiff to incur significant, unnecessary legal fees.
A plaintiff may sue for consequential damages resulting from an insurer's failure to provide coverage if such damages ("risks") were foreseen or should have been foreseen when the contract was made (Bi-Economy Mkt, Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192 [2008]). Although proof of such consequential damages will ultimately rest on what liability the insurer is found to have "assumed consciously," or from the plaintiff's point of view, have warranted the plaintiff to reasonably suppose the insurer assumed when the insurance contract was made, a determination of whether such damages were, in fact, forseeable should not be decided on a motion to dismiss and must await a fully developed record (see Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 203 [2008]; see also Bi-Economy at 192). In other words, the inquiry is not whether plaintiff will be able to establish its claim, but whether plaintiff has stated a claim.
Here, plaintiff's allegations meet the pleading requirements of the CPLR with respect to consequential damages, whether in connection with the first cause of action or the second cause of action for breach of the covenant of good faith and fair dealing in the context of an insurance contract (id.). Contrary to defendant's claim, there is no heightened pleading standard requiring plaintiff to explain or describe how and why the "specific" categories of consequential damages alleged were reasonable and forseeable at the time of contract. There is no heightened pleading requirement for consequential damages (Panasia Estates Inc. v Hudson Ins. Co., 68 AD3d 530, 530 [1st Dept 2009], affd 10 NY3d 200 [2008], citing Bi-Economy 10 NY3d at 192). Furthermore, an insured's obligation to "take all reasonable steps to protect the covered property from further damage by a covered cause of loss" supports plaintiff's allegation that some or all the alleged damages were forseeable (Benjamin Shapiro Realty Co. v Agricultural Ins. Co., 287 AD2d 389, 389-390 [1st Dept 2001]).
As noted by the Court of Appeals in Bi-Economy, a claim for breach of contract and one for bad faith handling of an insurance claim are not necessarily duplicative (id. at 191). The first and second causes of action plead different conduct by defendant and, in any event, defendant did not cross-appeal with respect to Supreme Court's denial of its motion to dismiss the bad faith claim on the basis of duplication.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK