R&R Third Props., LLC v Federal Ins. Co. (2021 NY Slip Op 00639)





R&R Third Props., LLC v Federal Ins. Co.


2021 NY Slip Op 00639


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 150083/2014 651377/2013 Appeal No. 13034 Case No. 2020-00087 2020-00088 

[*1]R&R Third Properties, LLC, et al., Plaintiffs-Respondents-Appellants,
v
Federal Insurance Company, Defendant-Appellant, Respondent, Greater New York Mutual Insurance Company et al., Defendants.
Rosenbaum, Rosenfeld & Sonnenblick, LLP et al., Plaintiffs-Appellants,
v
Philips Healthcare et al., Defendants-Respondents, Excalibur Group NA, LLC, et al., Defendants.


Rosner, Nocera & Ragone, LLP, New York (John A. Nocera of counsel), for appellant-respondent.
Lipsius BenHaim Law, LLP, Kew Gardens (Ira S. Lipsius of counsel), for respondents-appellants.
Gallo Vitucci Klar LLP, Woodbury (Gina M. Wischhusen of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered September 11, 2019, which, to the extent appealed from as limited by the briefs, granted defendant Federal Insurance Company's motion for summary judgment dismissing the claim for consequential damages against it, and otherwise denied the motion, and granted the Philips defendants' (Philips) motion for summary judgment dismissing the unpleaded claim for tortious interference with contract against them, unanimously modified, on the law, to deny Federal's motion as to the claim for consequential damages, and otherwise affirmed, without costs.
Although plaintiffs did not assert a specific claim for consequential damages, their allegations are sufficient to support such a claim (see e.g. Acquista v New York Life Ins. Co., 285 AD2d 73, 82 [1st Dept 2001]; Castor Petroleum, Ltd. v Petroterminal de Panama, S.A., 90 AD3d 424 [1st Dept 2011]). Plaintiffs also disclosed that they were seeking consequential damages in a supplemental response to Federal's interrogatories, as permitted by CPLR 3101(h) (see Castor Petroleum, 90 AD3d at 424).
Federal failed to establish prima facie that plaintiffs are not entitled to consequential damages. The record is replete with issues of fact as to whether plaintiffs' scanner could be repaired, obviating the need for replacement, which call into question Federal's good faith in investigating their insurance claim. However, even if Federal did not act in bad faith, it would not be entitled to summary dismissal of the claim for consequential damages, because it failed to establish that such damages were not "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (Panasia Estates, Inc. v Hudson Ins. Co., 68 AD3d 530, 530 [1st Dept 2009] [internal quotation marks omitted]). It is undisputed that the scanner was the focal point of plaintiffs' practice diagnosing and treating patients and that the loss of the scanner caused extensive harm to plaintiffs. Thus, Federal would have been on notice that plaintiffs would suffer business interruption losses if the scanner was not repaired or replaced. As for plaintiffs' separate business interruption insurance policies, there are issues of fact whether these policies would cover business interruption losses arising from Federal's breach of its own policy.
For similar reasons, the motion court correctly declined to dismiss the remainder of the complaint against Federal. While Philips certified in October 2011 that the scanner had been repaired, issues of fact remain as to whether that representation was accurate. It is unclear from the record whether the scanner was fully operational at that time, given that the technician only took phantom CT images in 2011 and the scanner was not used on a patient. Moreover, the scanner did not work in the follow-up inspections following Philips' certification. Plaintiffs' pre-litigation consultant concluded that the scanner [*2]could not have been ready for patient use in October 2011, and plaintiffs claim that they have been unable to use the scanner since April 2011.
The court correctly dismissed the unpleaded claim for tortious interference with contract against Philips. No such claim is asserted among the various claims against
Philips, and the complaint's allegations are insufficient to support such a claim. There are no allegations that Philips intentionally and improperly procured a breach of that contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021