Tina Turner Musical LLC v Chubb Ins. Co. of Europe SE (2022 NY Slip Op 06896)

Tina Turner Musical LLC v Chubb Ins. Co. of Europe SE

2022 NY Slip Op 06896

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 651607/21 Appeal No. 16804 Case No. 2022-02269 

[*1]Tina Turner Musical LLC, Plaintiff-Respondent,
v
Chubb Insurance Company of Europe SE, Defendant-Appellant.

Clyde & Co US LLP, New York (Owen B. Carragher Jr., of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Alexander D. Hardiman of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about December 30, 2021, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The court correctly concluded that plaintiff's losses resulting from the cancellation of its Broadway show during the COVID-19 pandemic did not fall within the communicable disease exclusion in the insurance policy. The exclusion precluded from coverage "any loss directly or indirectly arising out of, contributed to by, or resulting from . . . any communicable disease or threat or fear of communicable disease . . . which leads to: [1] the imposition of quarantine or restriction in movement of people or animals by any national or international body or agency; [2] any travel advisory or warning being issued by a national or international body or agency." Contrary to defendant's contention, the exclusion did not clearly and unmistakably preclude from coverage losses caused by communicable diseases that were of such a systemic nature as to lead to quarantine or travel advisory orders by a national or international body or agency. Rather, giving the exclusion a strict and narrow construction, and resolving any ambiguities against defendant, we find that it precluded from coverage losses resulting from quarantine or travel advisory orders issued by a national or international body or agency in response to a communicable disease (see Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]; Metalios v Tower Ins. Co. of N.Y., 77 AD3d 471, 473 [1st Dept 2010]). As plaintiff's losses stemmed from Executive Orders issued by the New York State Governor and New York City Mayor banning performances and gatherings in theaters, the exclusion did not apply.
Plaintiff's claim for consequential damages was adequately pleaded (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192-194 [2008]; Panasia Estates, Inc. v Hudson Ins. Co., 68 AD3d 530, 530 [1st Dept 2009]; see also D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 168 AD3d 505, 507 [1st Dept 2019]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022