## Zurich Am. Ins. Co. v Providence Capital LLC

2024 NY Slip Op 31202(U)

April 6, 2024

Supreme Court, New York County

Docket Number: Index No. 656376/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

ZURICH AMERICAN INSURANCE COMPANY,

Plaintiff,

- v -

PROVIDENCE CAPITAL LLC, SHERLE WAGNER
INTERNATIONAL LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656376/2020 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 109, 110, 111, 112, 113, 114, 115, 132, 135, 143, 144, 145, 146, 156, 157

were read on this motion to/for               DISMISS DEFENSE           .

Upon the foregoing documents, it is

In motion sequence number 008, defendants Providence Capital LLC (Providence) and Sherle Wagner International LLC (Sherle) move, pursuant to CPLR 3211(b), to dismiss plaintiff Zurich American Insurance Company's (Zurich) seventh affirmative defense to defendants' counterclaims – "Rhode Island General Laws are not applicable to this litigation." (NYSCEF 10, Answer to Counterclaims ¶ 68.)

**Background**

Plaintiff Zurich is an insurance company, incorporated in New York with a principal place of business in Schaumburg, Illinois. (NYSCEF 220, Amended Complaint ¶ 4; NYSCEF 222, Answer to Amended Complaint with Counterclaims [Answer] ¶ 4 [admitting allegation upon information and belief].) Defendant Providence is authorized to do business in New York and has a principal place of business in Providence, Rhode Island. (NYSCEF 220, Amended Complaint ¶ 5; NYSCEF 222, Answer ¶ 5; NYSCEF

656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC
Motion No. 008

Page 1 of 15

110, Geoffroy[1] aff ¶ 2.) Defendant Sherle is authorized to do business in New York and has a principal place of business in New York.[2] (NYSCEF 220, Amended Complaint ¶ 6; NYSCEF 222, Answer ¶ 6.)

Zurich issued a first-party property insurance policy to Providence, effective October 1, 2018 to October 1, 2019 (Policy). (NYSCEF 220, Amended Complaint ¶ 9; NYSCEF 222, Answer ¶ 9; NYSCEF 38, Policy[3].) The Policy consists of property portfolio protection issued by Zurich and general liability coverage issued by nonparty American Guarantee and Liability Insurance Company. (NYSCEF 112, Policy Excerpts at 3.) The Policy's Schedule of Locations includes 20 different property locations in six different states, 10 in Rhode Island, 6 in Massachusetts, and 1 in each of Florida, New York, California, and Texas. (*Id.* at 5-6.)

On February 1, 2019, Sherle notified Zurich of a property damage claim due to a burst pipe at 1176 Second Avenue, New York, New York 10021. (NYSCEF 220, Amended Complaint ¶¶ 11-12; NYSCEF 2, Answer ¶¶ 11-12.) On July 26, 2019, defendants submitted a sworn statement in proof of loss, claiming damages of

---

[1] Vincent Geoffroy is the manager of Providence. (NYSCEF 110, Geoffroy aff ¶ 2.) According to Geoffroy, "[a]ll of the many entities insured under the Policy, including [Sherle], are companies for which Providence operationally functions as a parent company." (*Id.* ¶ 4.)

[2] Zurich alleges that Sherle has a principal place of business at 699 Madison Avenue, 4th Floor, New York, New York 10065. (NYSCEF 220, Amended Complaint ¶ 6.) In their answer, defendants state that "Sherle Wagner operated its principal place of business at 1176 2nd Avenue, New York, New York, consisting of office and retail space, prior to the catastrophic losses suffered at that location which give rise to this action. Subsequent to those losses, Sherle Wagner has operated a sales office located at 699 Madison Avenue, 4th Floor, New York, New York." (NYSCEF 222, Answer ¶ 6.)

[3] Defendants submit only excerpts of the Policy in connection with this motion. (NYSCEF 112.) A full copy of the Policy was previously filed by Zurich in connection with motion sequence number 003. (NYSCEF 38.)

**656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC** **Page 2 of 15**
**Motion No. 008**

2 of 15

$8,264,129.85 and extra expenses of $792,729. (NYSCEF 220, Amended Complaint ¶¶ 15, 17; NYSCEF 222, Answer ¶¶ 15, 17.) On June 17, 2020, defendants submitted a revised sworn statement in proof of loss claiming damages of $8,655,624 and extra expenses of $1,358,052. (NYSCEF 220, Amended Complaint ¶¶ 21, 23; NYSCEF 222, Answer ¶¶ 21, 23.) Zurich conducted its own investigation of the damages and determined that $1,192,134 is owed under the Policy, which Zurich has paid out. (NYSCEF 220, Amended Complaint ¶¶ 41-42; NYSCEF 222, Answer ¶¶ 41-42[4].) Zurich seeks "a declaration that (absent breach of contract for Concealment, Misrepresentation or Fraud), its liability under the Policy for Defendants' claim is limited to $1,192,134." (NYSCEF 220, Amended Complaint ¶ 48.) It also alleges four additional claims for breach of contract seeking return of the monies it paid out to defendants. (*Id.* ¶¶ 49-75.)

On January 14, 2021, defendants filed an answer, asserting counterclaims for breach of contract and violation of Rhode Island General Laws § 9-1-33. (NYSCEF 2, Original Answer ¶¶ 45-55.) On February 1, 2021, Zurich filed its answer to defendants' counterclaims (Counterclaim Answer), asserting a seventh affirmative defense that "[t]he Rhode Island General Laws are not applicable to this litigation." (NYSCEF 10, Counterclaim Answer ¶ 68.) On September 7, 2023, Zurich filed an amended complaint. (NYSCEF 220, Amended Complaint.) Defendants filed an answer to the amended complaint, asserting the same counterclaims for breach of contract and violation of Rhode Island General Laws § 9-1-33, and adding a counterclaim for breach

---

[4] Defendants admit that Zurich has paid out that amount, but states that they are without sufficient information to admit or deny the results of Zurich's investigation as to the damages. (NYSCEF 222, Answer ¶¶ 41-42.)

**656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC** **Page 3 of 15**
**Motion No. 008**

3 of 15

[* 3]

of the implied covenant of good faith and fair dealing. (NYSCEF 222, Answer.) Prior to the agreed upon amendment of the pleadings (*see* NYSCEF 219, Stipulation), defendants made this motion to dismiss Zurich's seventh affirmative defense, determining that Rhode Island law applies. Zurich asserts that it is New York law that applies.

**Discussion**

"A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." (CPLR 3211 [b].) "[T]he [movant] bears the heavy burden of showing that the defense is without merit as a matter of law." (*Granite State Ins. Co. v Transatlantic Reinsurance Co.*, 132 AD3d 479, 481 [1st Dept 2015] [citation omitted]; *see also Shah v Mitra*, 171 AD3d 971, 974 [2d Dept 2019] ["[Movant] bears the burden of demonstrating that the affirmative defenses are without merit as a matter of law because they either do not apply under the factual circumstances of [the] case, or fail to state a defense."] [internal quotation marks and citation omitted].) "[T]he court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a) (7), and the factual assertions of the defense will be accepted as true." (*Id.* [internal quotation marks and citation omitted].) "[T]he court should not dismiss a defense where there remain questions of fact requiring a trial." (*Granite State Ins. Co.*, 132 AD3d at 481 [citation omitted].) However, "[u]nlike subdivision (a), which enumerates grounds on which a cause of action may be dismissed, there are no listed grounds on which a defense may be attacked." (Siegel, NY Practice § 269 [6th ed.].) "Any defense may be attacked on any ground, and there

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No.  008**

**Page 4 of 15**

4 of 15

is no requirement that the court elect to treat the CPLR 3211(b) motion as one for summary judgment under CPLR 3211(c) before the court can consider affidavits." (*Id.*)

A Conflict in the Law

"The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." (*Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 223 [1993].) The parties here agree that a conflict exists between New York and Rhode Island law on the issue of bad faith settlement practices, namely that this claim does not exist under New York law but does exist under Rhode Island law which allows for recovery of attorneys' fees and punitive damages.

In New York, the Court of Appeals has only gone so far to permit claims for covenant of good faith and fair dealing to be plead separately from a breach of contract claim for the purpose of seeking recovery of foreseeable consequential damages resulting from an insurer's alleged bad faith performance. (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008], quoting *Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of NY*, 10 NY3d 187, 192 [2008] ["consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting'"]; *also compare Acquista v New York Life Ins. Co.*, 285 AD2d 73, 81-82 [1st Dept 2001] [explaining that New York law does not permit a "tort cause of action for bad faith in the context of a first-party claim" but does permit recovery of "consequential damages beyond the limits of the policy for the claimed breach of contract" in some circumstances] *with* 9 RI Gen

**656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No. 008**

**Page 5 of 15**

5 of 15

Laws § 9-1-33 ["(A)n insured under any insurance policy . . . may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance . . . an insured may also make claim for compensatory damages, punitive damages, and reasonable attorney fees."].)  Thus, the court moves to the next step, determining which state's law applies.

Center of Gravity/Grouping of Contacts Test

New York courts considering which state's laws apply to a contract employ the "'center of gravity' or 'grouping of contacts'" test.  (*Zurich Ins. Co. v Shearson Lehman Hutton, Inc.*, 84 NY2d 309, 317 [1994], quoting *Auten v Auten*, 308 NY 155, 160 [1954].) "The purpose of grouping contacts is to establish which State has 'the most significant relationship to the transaction and the parties.'"  (*Id.,* quoting Restatement [Second] of Conflict of Laws [Restatement] § 188 [1].)  Under this test, courts consider: (1) "the traditionally determinative choice of law factor of the place of contracting"; (2) "the places of negotiation and performance"; (3) "the location of the subject matter"; and (4) "the domicile or place of business of the contracting parties."  (*Id.,* citing Restatement § 188 [2].)

Defendants argue that the proper consideration here is the domicile of the primary insured, which defendants argue is Providence.  In support, defendants cite to *Certain Underwriters at Lloyd's, London v Foster Wheeler Corp.*, 36 AD3d 17, 22 [1st Dept 2006], *affd* 9 NY3d 928 [2007].  In *Foster Wheeler*, the First Department analyzed whether New York or New Jersey law applied to coverage of asbestos related-personal

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No.  008**

**Page 6 of 15**

injury claims under a number of liability insurance policies. (*Id.* at 18-19.)  Foster Wheeler's principal place of business at the time the policies were issued was in New Jersey and its operations relating to the asbestos-containing products and customers purchasing those products were throughout the United States. (*Id.* at 19.)  The court acknowledged the test set forth by the Court of Appels in *Zurich*, but held that:

> "[T]he location-of-the-risk rule obviously cannot be applied without modification in the event the insurance policies in question cover risks that are spread though multiple states. Such is the case here, where the risks covered by the unsettled policies are nationwide or global in scope, and, given Foster Wheeler's widely dispersed operations and customers, there is no contention that, at the time the unsettled policies were issued, the parties would have understood any one state to have constituted, in a literal sense, the principal location of the insured risk." (*Id.* at 22 [internal quotation marks omitted].)

Thus, the court set forth the principle that "where it is necessary to determine the law governing a liability insurance policy covering risks in multiple states, the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk" and held that the law of Foster Wheeler's domicile, New Jersey, applied. (*Id.* at 24.)

In addition to some federal court cases, defendants also rely on *Matter of Liquidation of Midland Ins. Co.*, 16 NY3d 536, 544 (2011), quoting *Foster Wheeler* to reiterate that, when applying the "grouping of contacts" approach, "'the state of the insured's domicile should be regarded as a proxy for the principal location of the insured risk" as this approach "'promotes certainty, predictability and uniformity of result' in that '[t]he state of the insured's domicile is a fact known to the parties at the time of contracting, and (in the absence of a contractual choice-of-law provision) application of the law of that state is most likely to conform to their expectations.'" Defendants argue

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No.  008**

**Page 7 of 15**

that, pursuant to these cases, the domicile of Providence controls, because Providence is the primary insured under the Policy.

Zurich does not dispute that Providence is the primary insured. Rather, it argues that *Foster Wheeler* is not applicable here because "it involved a liability insurers' duty to defend a single named insured with multiple locations throughout the country against hundreds of thousands of asbestos related personal injury claims asserted in jurisdictions throughout the United States." [5] (NYSCEF 146, Zurich Opposition at 9.) The court agrees. Unlike here, the claims at issue in *Foster Wheeler* were in many states so it was understandable why the First Department deviated from the typical "center of gravity" analysis to ensure "certainty, predictability and uniformity." (36 AD3d at 23.)

Zurich relies on two First Department decisions, issued after *Foster Wheeler*, that analyzed all the Restatement factors in the context of additional insureds added to policies to insure risks in specific locations, despite the presence of multistate risks. First, in *Illinois Nat. Ins. Co. v Zurich Am. Ins. Co.*, the First Department analyzed whether New York law or Maryland law applied to an insurance policy issued to a subcontractor that named a contractor as an additional insured, where the domicile of the insured subcontractor and its parent was Maryland, but the performance of the subcontract and underlying accident were at a construction site in New York. (107

---

[5] Notably, the Restatement provision on which *Foster Wheeler* relies in part applies only to "fire, surety or casualty insurance." (Restatement [Second] of Conflict of Laws § 193 [1971]; *Foster Wheeler Corp.*, 36 AD3d at 26–27 ["As previously discussed, we regard the state of the insured's domicile to be a proxy for the principal location of the insured risk, which, under New York law and Restatement § 193, is the controlling factor in determining the law applicable to a liability insurance policy, thereby obviating the need to consider all five Restatement factors."].)

AD3d 608, 609 [1st Dept 2013].)  In determining that New York law applied, the Court

explained:

> "*Foster Wheeler*, however, is not applicable to the facts of this case, as it involved asbestos claims that were spread throughout multiple jurisdictions in the United States . . . Here, [the contractor] was added to the Zurich policy as an additional insured to cover a specific risk, the risk arising from [the subcontractor's] performance of its subcontract for work at a New York site. While, in theory, the Zurich policy provides to Keller, [the subcontractor's] parent company, insurance covering risks in multiple states, it is clear that the parties understood, in adding [the contractor] as an additional insured, that the 'principal location of the insured risk' was in New York, where the work took place . . . Accordingly, New York law should apply."  (*Id.* [citation omitted].)

The Court based its determination on the fact that the parties clearly understood, in

adding the contractor as an additional insured, that the place where the subcontract was

performed would govern the policy.

Here, Sherle is a named insured on the Policy and the Policy lists 1176 Second

Avenue, New York, New York, where the damage occurred, on its Schedule of

Locations.  (NYSCEF 112, Policy Excerpts at 4-5.)  Thus, it cannot be said that the

parties did not foresee the possibility of the application of New York law to the Policy.

Zurich also cites to *Davis & Partners, LLC v QBE Ins. Corp.*, in which the First

Department applied the "standard 'grouping of contacts' analysis" where the contract

between the contractor and construction manager was related to a project in Manhattan,

the contract appeared to be executed in New York and required the insured to name

New York entities as additional insureds, contained a New York law provision, and the

occurrence and litigation were in New York.  (113 AD3d 544, 545 [1st Dept 2014], citing

*Matter of Midland Ins. Co.*, 16 NY3d at 543 and *Illinois Natl. Ins. Co.*, 107 AD3d at 608.)

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No.  008**

**Page 9 of 15**

[* 9]

9 of 15

The court finds the First Department's application of "the standard grouping of contacts analysis" persuasive here. (*Id.* [internal quotation marks omitted].)

On reply, defendants attempt to distinguish *Illinois* and *Davis* from this case, on the basis that the additional insureds in those cases were not operational subsidiaries. The court does not find this distinction persuasive, particularly because defendants do not explain why it is important. Defendants also argue that *Narragansett Elec. Co. v American Home Assur. Co.,* 921 F Supp 2d 166 (SDNY 2013) and *BMS Enters. v Gen. Star Indem. Co.,* 2015 US Dist LEXIS 34637 (SDNY Mar. 11, 2015, No. 14cv3375), demonstrate that *Foster Wheeler* does not only apply to cases involving more than one location of loss. However, unlike the Policy here, the policies in those cases were liability policies that covered risks potentially anywhere, not damage to particular properties in particular locations. (*See BMS Enterprises, Inc.*, 2015 US Dist LEXIS 34637, *3 ["Where, as here, the risk insured against it is world-wide, a single state cannot be the sole location of the risk."]; *Narragansett Elec. Co.*, 921 F Supp 2d at 170-173.) Therefore, an analysis under the center of gravity/grouping of contacts test is appropriate here.

Center of Gravity/Grouping of Contacts Analysis

*Place of Contracting*

The parties agree that the place of contracting is Rhode Island. Thus, this factor weighs in favor of Rhode Island.

*Places of Negotiation and Performance*

Defendants assert that the Policy was negotiated by Providence's agent, USI Insurance Services, LLC, out of its Massachusetts office. (NYSCEF 110, Geoffroy aff ¶

656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC
Motion No. 008

Page 10 of 15

10 of 15

7 ["It is my understanding that when USI was negotiating with Zurich, USI was physically located in its Massachusetts office. Once various quotes had been obtained, they were presented to me by USI in my Providence office."].) In its memorandum in opposition, Zurich asserts that negotiations were also held in New York where Zurich's office is located. Although Zurich provides no evidence to support its assertion, on reply defendants acknowledge that USI representatives were present in their Massachusetts office "when discussing potential terms with Zurich (located in New York) [and] all offers made by Zurich were presented by USI to Providence in Rhode Island. Thus, the place of negotiation involved activity in three states." (NYSCEF 156, memorandum in reply at 11.) Zurich also argues that USI is a Delaware corporation with a principal place of business in New York. (See NYSCEF 144, USI corporate filing page.) However, the court does not find USI's place of incorporation or principal place of business relevant for this factor. Rather, this factor points to three states - Rhode Island where Providence negotiated, New York where Zurich negotiated, and Massachusetts where USI negotiated, and thus, this factor is of less importance here. (See Restatement § 188 ["This contact is of less importance when there is no one single place of negotiation and agreement, as, for example, when the parties do not meet but rather conduct their negotiations from separate states by mail or telephone."].)

As to place of performance, defendants argue that it is Rhode Island because most of the entities and properties covered by the Policy are in Rhode Island.[6]

_____

[6] In his affidavit Geoffroy provides a list showing that 18 of the insureds are incorporated in Rhode Island (excluding Providence), 4 in New York, 3 in Massachusetts, and 1 in California. (NYSCEF 110, Geoffroy aff ¶ 9; see also NYSCEF 112, Policy Excerpts at 4.)

656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC                    Page 11 of 15
Motion No. 008

Defendants also assert that Rhode Island is the place of performance because Providence executed the contract in Rhode Island, paid the premium from there, and Zurich had to send payments under the Policy to Providence in Rhode Island. In contrast, Zurich argues the place of performance is New York, because the loss and claim adjustment occurred in New York. As the payments under the Policy were made from and to Rhode Island, but the claim at issue was handled in New York, this factor points towards both states.

*Location of the Subject Matter*

Defendants argue that the subject matter of the Policy is Rhode Island because most of the entities and properties covered by the Policy are in Rhode Island. Whereas Zurich argues that the Policy's subject matter is New York because that is where the loss occurred.

The court must look to the location of the subject matter of the bad-faith counterclaims. (*Schwartz v Liberty Mut. Ins. Co.*, 539 F3d 135, 152 [2d Cir 2008].) Here, the bad faith counterclaims arise out of Zurich's alleged (i) refusal "to pay or settle the Claim for a covered loss and damages;" (ii) refusal "to timely perform its obligations under the Policy;" (iii) failure "to conduct a reasonable investigation of the Claim;" (iv) failure "to articulate a reasonable factual or legal basis for refusing to perform its obligations under the policy;" (v) "manufacturing factually incorrect reasons to delay and ultimately deny coverage, (vi) "requiring the Insureds to expend funds and litigation costs to prove coverage;" (vii) "unreasonably seeking to claw back money it has paid the Insureds;" (viii) failure "to provide a reasonable offer to settle the Claim at times when its liability was reasonably clear, including but not limited to a refusal to make a

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No. 008**

**Page 12 of 15**

12 of 15

reasonable offer of settlement;" (ix) deviation "from its own practices or from industry practices;" and (x) "acting with gross disregard of the Insureds' interests." (NYSCEF 222, Amended Answer with Counterclaims ¶¶ 72, 76.) Thus, the court looks to where Zurich engaged in this alleged conduct. However, it is unclear from the record where Zurich's conduct occurred. For example, while there is an allegation that Zurich retained experts to inspect the New York property where the damage occurred, it is unclear where Zurich made decisions regarding the claim. Zurich alleges that its principal place of business is in Illinois. (NYSCEF 220, Amended Complaint ¶ 4.) Further, while defendants admit Zurich negotiated the Policy in New York, neither side addresses where Zurich was issuing when its claim decisions from. The court cannot determine what state is favored under this factor.

*Domicile or Place of Business of the Contracting Parties*

While defendants argue the relevant domiciles are Illinois for Zurich and Rhode Island for Providence, Zurich argues that the relevant domiciles are New York for itself, New York for Sherle, and Rhode Island for Providence.

> "Treating the state of the principal place of business as the corporate domicile for these purposes, rather than the state of incorporation, is consistent with the view expressed in the Restatement that, '[a]t least with respect to most issues, a corporation's principal place of business is a more important contact than the place of incorporation.' We look to the state of incorporation for the law governing the corporation's internal corporate governance and its relations with shareholders, not for the law governing the corporation's contractual relationships in general." (*Foster Wheeler Corp.*, 36 AD3d at 25, quoting Restatement § 188, Comment e, at 581.)

Therefore, the court rejects Zurich's assertion that its domicile is New York as its principal place of business is in Illinois. (NYSCEF 220, Amended Complaint ¶ 4.) Thus, this factor points in favor of Rhode Island and Illinois. Even if the court considered

**656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No. 008**

Page 13 of 15

Sherle's principal place of business, it would not change the fact that this factor also points in favor of Rhode Island.

"[T]he Restatement factors 'are to be evaluated according to their relative importance with respect to the particular issue.'" (*Foster Wheeler Corp.*, 36 AD3d at 27, quoting Restatement § 188[2].) "Stated otherwise, the choice-of-law analysis is not a mindless scavenger hunt to see which state can be found to have more contacts, but rather ... an effort to detect and analyze what interest the competing states have in enforcing their respective rules." (*Id.* [internal quotation marks and citation omitted].) Here, the factors do not clearly favor any one state but do lean in favor of Rhode Island as that state has the most significant contacts with the Policy.

Governmental Interests

"There are of course instances where the policies underlying conflicting laws in a contract dispute are readily identifiable and reflect strong governmental interests, and therefore should be considered." (*Allstate Ins. Co. v Stolarz*, 81 NY2d 219, 226 [1993].) Thus, courts "may properly consider State interests to determine whether to apply New York law." (*Id.* at 227.)

Here, New York's governmental interests, when balanced against Rhode Island's contacts with the Policy and legitimate governmental interest in protecting Rhode Island policyholders from an insurer's bad faith conduct are "not sufficiently compelling to warrant the application of New York law." (*Eagle Ins. Co. v Singletary*, 279 AD2d 56, 60 [2d Dept 2000] [citation omitted].) In support of its argument, Zurich relies on *Schwartz*, 539 F3d at 152 (citations omitted), which found that

> "New York policy considerations also militate in favor of applying New
> York law. That state's 'gross disregard' standard reflects a policy of

**656376/2020   ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No.  008**

**Page 14 of 15**

14 of 15

affording insurers latitude 'in investigating and resisting unfounded claims.' As a consequence, 'there remains a strong presumption in New York against a finding of bad faith liability by an insurer.' To apply California law to the Excess Insurers' cross-claims, based on an insurer's conduct that took place chiefly in New York, would offend New York's policy choice."

Here, as previously stated, the court cannot determine on this record whether Zurich's conduct occurred in New York. Thus, *Schwartz* is distinguishable.

Accordingly, it is

ORDERED that defendants' motion to dismiss plaintiff's seventh affirmative defense is granted, and that affirmative defense is dismissed.

20240406093804AMASLEYA15AC2A6FDF947509A0DC0199F11523C

| 4/6/2024 | | | | | |
|----------|--|--|--|--|--|
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656376/2020 ZURICH AMERICAN INSURANCE vs. PROVIDENCE CAPITAL LLC**
**Motion No. 008**

Page 15 of 15

15 of 15